EMIL OELBERMANN and Others, Appellants, *v.* THE NEW YORK AND NORTHERN RAILWAY COMPANY and Others, Respondents.[*]

*Purchase by one corporation of stock in another — voting thereon not enjoined, in order to protect minority stockholders — chapters 687 and 688 of the Laws of 1892.*

One corporation cannot purchase the stock of another corporation unless expressly authorized by law to make such purchase; but a corporation authorized to buy the stock of another corporation has the right to vote upon it.

Section 40 of chapter 688 of the Laws of 1892 applies to railroad corporations which are stock corporations as defined by section 3 of chapter 687 of the Laws of 1892.

[*] Decided March term, 1894.

There is nothing in any part of the provisions of chapter 565 of the Laws of 1890 which expressly or by fair implication prohibits a railroad corporation from exercising the power expressly conferred by section 40 of chapter 688 of the Laws of 1892 upon every stock corporation, except moneyed corporations, to purchase stock in other corporations; and the power given by chapter 565 must be deemed, under section 33 of chapter 687 of the Laws of 1892, to be in addition to that given by section 40 of chapter 688 of the Laws of 1892, so far as it applies to railroad corporations, as both provisions are applicable to that class of corporations.

A court of equity has not the power to restrain a corporation which has legally purchased stock of another corporation from voting on the stock so purchased, upon the allegation or proof that such corporation intends to cause a board of directors to be elected, who, by their action or non-action, may injure or prejudice the interests of the minority stockholders of the corporation whose stock has been so purchased.

APPEAL by the plaintiffs, Emil Oelbermann and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of December, 1893, denying the plaintiffs' motion for an injunction restraining the defendant The New York Central and Hudson River Railroad Company from voting at a meeting of the stockholders of the New York and Northern Railway Company upon any of the shares of stock of the latter company standing in its name.

*A. H. Holmes,* for the appellants.

*A. Green,* for the respondents.

Present.— VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Order affirmed, with ten dollars costs and disbursements on opinion of the court below.

The opinion of the court at Special Term was as follows:

ANDREWS, J.:

After a careful consideration of this matter, I am of the opinion that the motion for an injunction, pending the litigation, should be denied. It is undoubtedly true, as claimed by the learned counsel for the plaintiffs, that it has frequently been decided by the courts that corporations cannot purchase the stock of other corporations unless they are expressly authorized by law to make

such purchases. Section 40 of chapter 688 of the Laws of this State, passed in 1892, however, expressly authorizes such purchases to be made in certain cases by any stock corporation, domestic or foreign, except monied corporations, which are defined by section 3 of chapter 687 of the laws passed in the same year, to be those "formed under or subject to the banking or the insurance law." I am unable to agree with the counsel for the plaintiffs in his contention that said section 40 does not apply to railroad corporations. The language used is, "any stock corporation, domestic or foreign, now existing, or hereafter organized, except monied corporations, may purchase," etc.; and under the definitions contained in section 3 of said chapter 687, a railroad corporation is certainly a stock corporation. The language used is free from uncertainty and ambiguity, and, moreover, if the revisers of the statutes and the Legislature had intended that this section should not apply to railroad corporations, I can imagine no reason why those corporations, as well as monied corporations, were not mentioned in the exception. Nor am I able to agree with the counsel for the plaintiffs in his contention that certain provisions of "The Railroad Law" (Chap. 565 of 1890) are inconsistent with those of said section 40, and that, therefore, under section 33 of said chapter 687, said last-named provisions must prevail. Sections 78 and 79 of that law authorize one railroad corporation to purchase the stock of another railroad corporation, in certain cases, when the latter corporation has been leased to the former, and section 80 forbids railroad corporations owning or operating parallel or competing lines of railroad to merge, or consolidate, or enter into any contract for the use of their respective roads, or lease the same, one to the other, unless a majority of the Board of Railroad Commissioners shall consent thereto. There is nothing, however, in these sections, nor in the other parts of such Railroad Law, which expressly, or by fair implication, prohibits a railroad corporation from exercising the power expressly conferred by section 40 of chapter 688 of the Laws of 1892 upon every stock corporation, except moneyed corporations, to purchase stock in other corporations; and it necessarily follows that, under the provisions of section 33 of chapter 687, the above-cited provisions of the Railroad Law must be deemed to be in addition to said section 40, so far as it applies to railroad corporations, and both provisions are applicable to that class of corporations. It is con-

tended, however, that the case at bar is not one of those in which, according to the terms of said section 40, a stock corporation can purchase the stock of another corporation, but this contention does not seem to me to be well founded.   It does not appear by the papers before me whether or not the New York Central and Hudson River railroad is authorized by its original, or by an amended or supplemental, certificate, to purchase the stock of other railroad corporations; but the New York and Northern Railway Company "is engaged in a business similar to that of" the first-named company, and is a corporation with which said first-named company, "is, or may be, authorized to consolidate," and these are two of the cases in which said section 40 expressly authorizes one stock corporation to purchase the stock of another corporation.   With the wisdom or propriety of giving one railroad corporation a general power to purchase the stock of other railroad corporations the court has nothing to do.   It has been repeatedly decided by the courts of this State, and by many others, that, unless expressly authorized by law, it is *ultra vires* and contrary to public policy for any corporation to purchase the stock of another corporation.   The Legislature of this State, however, has seen fit to make a radical change in the law, and, so long as the present statute remains in force, the courts must enforce it.   Having reached the conclusion that the New York Central and Hudson River railroad corporation had the right to buy the stock of the New York and Northern railway corporation, I am of the opinion that it has the right to vote upon such stock.   Said section 40 provides that the corporation holding the stock of another corporation "shall possess and exercise in respect thereof all the rights, powers and privileges of individual owners or holders of such stock." Section 20 of said chapter 687 provides that every member of a stock corporation, who is not in default in the payment of his subscriptions upon his stock, or disqualified by the by-laws, shall be entitled to one vote for every share of stock held by him for ten days immediately preceding the election, and it appears by the affidavits submitted on behalf of the defendants that the stock mentioned in the complaint was held by the New York Central and Hudson River Railroad Company for more than ten days immediately preceding the eighth day of November, the day appointed for the election. Under these circumstances I am of the opinion that the cases cited

by plaintiffs' counsel, in which it has been held that certain corporations should be restrained from voting upon stock held by them, do not apply. In *Milbank* v. *N. Y., L. E. & W. Railroad Co.* (64 How. 20), upon which great reliance seems to be placed, it was expressly decided that the purchase of the stock, upon which the defendant sought to vote, by the predecessor of the defendant, "was unauthorized and in violation of the statute, and was consequently *ultra vires.*" It is obvious that, if I am right in my conclusion, that the New York Central and Hudson River Railroad Company had the right to buy the stock in question, this case and others cited by plaintiffs' counsel have no application to the present case. As, in my opinion, there is no precedent for granting an injunction in a case like this, I do not deem it necessary to go into an extended discussion, for the purpose of showing that, upon the reason of things, an injunction should not be granted. It is quite possible that in this case, and other similar ones, the fact that a great railroad corporation has the right to purchase the stock of other railroad corporations may put it in the power of the corporation making such purchases to do injustice to the minority stockholders of such other corporations; but, assuming that the Legislature has made such purchases lawful, and has enacted a law that the purchaser shall have all the rights, powers and privileges of individual owners and holders of such stock, one of which rights is the right to vote, I do not see how a court of equity has the power to restrain such a purchaser from voting on the stock so purchased, upon the allegation, or proof, that it intends to cause a board of directors to be elected, who, by their action or non-action, may injure or prejudice the interests of the minority stockholders of the corporation, whose stock has been so purchased.

The motion for an injunction will be denied, with ten dollars costs, and the order will be settled on notice.